UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DAVID POWELL, et al.,<br><br>    Plaintiff,<br><br>    v.<br><br>CRYPTO TRADERS<br>MANAGEMENT, LLC, et al.,<br><br>    Defendants. | Case No. 2:20-cv-00352-BLW<br><br>**MEMORANDUM DECISION<br>AND ORDER** |

## INTRODUCTION

Before the Court is Plaintiffs' Motion to Amend the Complaint. (Dkt. 14).

The motion is fully briefed and at issue. Having reviewed the record, the Court

finds that oral argument would not benefit the Court in making its determinations.

For the reasons stated below, the Court will grant the motion.

## LEGAL STANDARD

Federal Rule of Civil Procedure 15 requires the court to "freely give leave

[to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The United States

Court of Appeals for the Ninth Circuit has stated that "this policy is to be applied

with extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). When determining whether to grant leave to amend, the district court must draw all inferences in favor of granting the motion and consider five factors: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility; and (5) whether the plaintiff has previously amended his complaint. *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). Futility alone can be enough to deny a motion for leave to amend. *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004). In evaluating the legal sufficiency of a proposed amendment, the proper test to be applied is the Federal Rule of Civil Procedure 12(b)(6) standard. *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Thus, a proposed amended pleading is futile "only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim." *Miller*, 845 F.2d at 214.

## ANALYSIS

Plaintiffs seek leave to amend their complaint to add five additional defendants and an additional claim under Idaho's Uniform Voidable Transactions Act. I.C. § 55-910, *et seq.* Neither Cutting nor Lata argue that the proposed amendment would cause undue prejudice or that Plaintiff has exhibited undue

delay or bad faith. The sole argument Defendants raise against the amendment is futility.

Under Idaho Code Section 55-913 a transfer made by a debtor is voidable as to present or future creditors when the transfer is made "with the actual intent to hinder, delay or defraud any creditor of the debtor." A "creditor" is a person who has a "claim," or a right to payment. I.C. § 55-910(3)–(4). A "debtor" is a person that is liable on the claim. I.C. § 55-910(6). The statute sets forth several factors that are indicia of actual intent to hinder, delay or defraud, including: (1) whether the debtor transferred assets to an insider; (2) whether the debtor was insolvent or became insolvent shortly after the transfer; (3) whether the debtor retained possession of the property after the transfer; (4) whether the debtor was threatened with suit prior to transferring the property; (5) whether the debtor removed or concealed assets. I.C. § 55-913(2).

Here, Defendants argue that the Court should deny Plaintiffs' request to amend the complaint because Plaintiffs cannot establish a claim under the Uniform Voidable Transactions Act.[1] First, Cutting argues that Plaintiff cannot establish that

---

[1] Plaintiffs erroneously filed a proposed amended complaint that indicated they were seeking leave to amend their claims for "Breach of Fiduciary Duty" and "Account Stated." (Continued)

they were creditors of CTM or Cutting. However, this Court already concluded, in a ruling on the application for writ of attachment, that Plaintiffs have established a reasonable probability that Defendants Shawn Cutting and CTM are indebted to Plaintiffs upon a contract for the direct payment of money. (Dkt. 40 at 5–6). Therefore, the Court will grant the motion to amend the complaint to add a claim against Cutting and CTM under the Uniform Voidable Transactions Act.

Second, Lata argues that Plaintiffs cannot establish that she is a debtor or that her accounts or property are connected to CTM. While the Court concluded in a previous decision that based upon the current record Plaintiffs had not established a reasonable probability that Lata was indebted to the Plaintiffs based upon a contract, the Court cannot find that "no set of facts can be proved that would constitute a valid claim" against Lata under the Idaho Fraudulent Transfers Act. (Dkt. 40 at 5). The amended complaint alleges that Lata accepted deposits through her personal PayPal account and thus had access to funds invested with CTM. Plaintiffs also allege that Lata repeatedly assured Plaintiffs they could

---

However, Plaintiffs later clarified that they do not seek to amend either of these claims and a comparison of the original complaint and the proposed amended complaint filed with the Declaration of Steven Wieland establishes that, except for the paragraph numbers, these claims are identical in both versions of the complaint. (Dkt. 30 at 2). Defendants Cutting and Lata have already responded to the Account Stated and Fiduciary Duty claims in their respective Answers. (Dkt. 8 & 11). Accordingly, the Court will not address their objections to these claims here.

withdraw the funds deposited with CTM. Later, while Plaintiffs' requests to withdraw funds remained unpaid, the proposed amended complaint alleges that Lata transferred significant assets to an insider, Ash Development LLC, while retaining control over those assets. For individual debtors, "insiders" include "affiliates" of the debtor. An affiliate is "a person substantially all of whose assets are controlled by the debtor." I.C. § 55-910(1), (8). Lata is the controlling member of Ash Development, LLC. Thus, Lata transferred assets to an insider and maintains control over the assets. At this stage of the proceedings, the Court cannot find that the claim against Lata under the Uniform Voidable Transactions Act is futile. Therefore, the Court will grant the motion to amend the complaint to add this claim against Lata.

Finally, Cutting argues that the Transferee Defendants that Plaintiffs seek to add to the litigation have nothing to do with CTM or the losses suffered by Plaintiffs. However, the amended complaint plausibly alleges that all of the Transferee Defendants are insiders of the Transferor Defendants and that the Transferor Defendants have retained control over the transferred assets. The Court previously found that Plaintiffs established a reasonable probability that Cutting and CTM transferred assets to Janine Cutting and the Lake View Trust under circumstances that suggest an intent to hinder, delay or defraud. (Dkt. 40). As

explained above, the proposed amended complaint alleges that Lata made a suspicious transfer to Ash Development LLC. Thus, the proposed amended complaint alleges plausible claims against these new defendants.

Golden Cross Investments, LLC is a limited liability company formed in Idaho and Shawn Cutting and Janine Cutting are the only members. The amended complaint alleges that in August 2019 Golden Cross acquired real property that was later transferred to the Lake View Trust. Crypto Traders Fund, LP is a limited partnership formed in Delaware, and the amended complaint alleges that CTM is the general partner of CTF. CTF acquired a trailer in May of 2020. At the time of these transfers, Cutting and CTM weren't paying out requests to withdraw funds invested with CTM. These transfers suggest an attempt to hinder, delay or defraud creditors. Thus, Plaintiffs have alleged a plausible claim that all of the new defendants are transferees of debtors attempting to hinder, delay or defraud creditors as defined by the Uniform Voidable Transactions Act. Thus, Plaintiffs are entitled to seek remedies against the transfers. I.C. §§ 55-913, 55-916. Accordingly, the Court will grant the motion to amend the complaint to add Janine Cutting, the Lake View Trust, Ash Development, Golden Cross Investments and the Crypto Traders Fund as defendants in this action.

## ORDER

MEMORANDUM DECISION AND ORDER - 6

**IT IS ORDERED that:**

1.      Plaintiff's Motion for Leave to File First Amended Complaint (Dkt.

        14) is **GRANTED**.

DATED: March 4, 2021

B. Lynn Winmill
U.S. District Court Judge