UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DAVID POWELL, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CRYPTO TRADERS MANAGEMENT, LLC, et al.,<br><br>Defendant(s). | Case No. 2:20-cv-00352-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court are Defendants' Motion to Set Aside Writs of Attachment (Dkt. 69); Defendant Shawn Cutting's Claim of Exemption (Dkt. 67); Defendant Janine Cutting's Claim of Exemption (Dkt. 68); Plaintiffs' Motion Contesting Claims of Exemption by Shawn Cutting and Janine Cutting (Dkt. 72); and Kyle Cutting's affidavit asserting ownership of a vehicle subject to the writ of attachment. (Dkt. 85). Plaintiffs have also requested sanctions against Defendants and an award of attorneys' fees under 28 U.S.C. § 1927. The motions are fully briefed and at issue. The Court has determined that oral argument will not significantly aid the decisional process and therefore will deny Defendants' request

for a hearing on these motions.

## BACKGROUND

On February 4, 2021 this Court granted Plaintiffs' application for a pre-judgment writ of attachment. (Dkt. 40). On March 15, 2021, this Court issued a Writ of Attachment (Dkt. 51) directing Bonner County Sheriff's Office to attach certain property owned by Defendants, including a 2018 Jeep Grand Cherokee, a 2012 Ford F350 Truck, and a 2012 Volkswagon Jetta.

On March 9, 2021 the Court issued a temporary restraining order in *United States Securities and Exchange Commission v. Cutting, et al.* based on findings that the SEC established a prima facie case that Cutting defrauded investors and a reasonable likelihood of future violations of the antifraud provisions of the Securities Act of 1933 and the Securities Exchange Act of 1934. The TRO provided several forms of relief, including freezing up to $13.8 million of Defendants' and Relief Defendants' assets and prohibiting any transfer, encumbrance or distribution of assets without seeking leave from the order.[1] On March 16, 2021, Defendants joined the SEC in a motion for a Stipulated Preliminary Injunction, Asset Freeze, and Order Granting Other Relief, which

---

[1] Although Defendants and Plaintiffs have each asserted that the other party violated the TRO, that question is not properly before the Court and will not be addressed at this time.

extended the relief granted in the TRO until a final disposition of that action or further Court order. The Court entered the Stipulated Order on March 17, 2021.

After the Bonner County Sheriff's Office impounded the Defendants' vehicles on May 6, 2021, Janine Cutting filed a claim of exemption for the Jeep and Shawn Cutting filed a claim of exemption for the Truck. Plaintiffs filed a motion contesting the exemptions pursuant to Idaho Code §§ 11-605(3) and 11-607. The Cuttings' son filed a declaration asserting ownership of the Jetta on July 9, 2021. Defendants have also filed a motion to set aside the writ of attachment, or in the alternative reduce the amount of the attachment. In response to these filings, Plaintiffs now contend that Defendants have acted recklessly and in bad faith by filing multiple motions seeking to revisit legal analysis and decisions previously issued by this court regarding the writ of attachment.

## ANALYSIS

### A. Defendants' Motion to Set Aside Writs of Attachment

Defendant's seek an order setting aside the writs of attachment because the Asset Freeze issued in *United States Securities and Exchange Commission v. Cutting, et al.* provides sufficient protection for Plaintiffs. In the alternative, Defendants ask the Court to limit the writs of attachment to a lesser amount.

#### 1. Motion to Set Aside Writs of Attachment

A writ of attachment may only be discharged or amended if it was

"improperly or irregularly issued[.]" I.C. §§ 8-534 & 8-536. This is the only ground for dissolving a writ of attachment. *First Tr. & Sav. Bank v. Randall*, 57 Idaho 126, 126 (1936).

Here, Defendants have not alleged that the writ was "improperly or irregularly issued" in this case, nor have they cited any legal authority that the Court may discharge or amend the writ issued in this case on any other grounds. Further, the stipulation between Defendants and another party entered in a separate action does not vacate the Court's orders in this case and is not dispositive of the motion to set aside the writs of attachment. The Plaintiffs did not agree to the stipulation and the Court is not persuaded that it terminates their right to pursue attachment in this case. Accordingly, the motion to set aside the writs of attachment is denied.

### 2. Motion to Reduce Writs of Attachment

Defendants also ask the Court to reduce the total amount of the writs of attachment. Defendants assert that 80% of the funds invested by Plaintiffs were used to purchase ProCoin. They ask the Court to reduce the attachment to $144,625.26, or 20% of the Plaintiffs' demand, because Plaintiffs refused to accept the ProCoin in lieu of attaching Defendants' property. Defendants had the opportunity to show cause why the writ of attachment should not issue and present

evidence contesting the value of the debt owed to Plaintiffs. The Court found that Plaintiffs established a reasonable probability that they would prevail on their claim that Defendants were indebted to them upon a contract for money and that the debt is not secured. As such, the Court found that Plaintiffs are entitled to attach property of the Defendants up to a value of $723,126.29 as security for the satisfaction of any judgment that may be recovered in this action. The Court is not persuaded at this time that the writ of attachment should be reduced. Defendants have not established that the debt owed to Plaintiffs is partially secured, or that the attachment must be reduced as a result of Plaintiffs refusal to accept the ProCoin offered by Defendants. Idaho Law entitles Plaintiffs to attach, and recover, the full amount Defendants owe upon the contract. Accordingly, the Court will not reduce the writ of attachment.

    **B.**    **Plaintiffs' Motion Contesting Claims of Exemption**

Since the Court has concluded that the writ of attachment will not be discharged or adjusted, the Court must resolve the Cuttings' claims of exemption from attachment and the claim of ownership by the Cuttings' son, which the Court will construe as a claim of exemption by a third party pursuant to Idaho Code §§ 8-527, 11-203.

### 1. Shawn and Janine Cuttings' Claims of Exemption

Under Idaho law, certain property is exempt from attachment. *See* § 11-603 *et seq.* Relevant to this case, the exemption statute provides that an individual may claim an exemption for "implements, professional books, business equipment and tools of the trade [not exceeding ten thousand dollars ($ 10,000) in aggregate value] . . . and . . . one (1) motor vehicle to the extent of a value not exceeding ten thousand dollars ($ 10,000)." I.C. § 11-605(3). However, certain types of claims are enforceable against exempt property, including "claims for obtaining money or property by false pretenses." I.C. § 11-607.

Here, the Cuttings are not entitled to claim the Jeep and the Truck as exempt property. Under Idaho law, only individuals are entitled to claim an exemption of certain property. An individual is "a natural person and not an artificial person such as a corporation, partnership, or other entity created by law." I.C. § 11-601(1). The Plaintiffs previously established that the Jeep and the Truck are titled and registered to the Lake View Trust. (Dkt. 15-3 at 3). Since the Cuttings do not own the vehicles, they are not entitled to claim an exemption for the vehicles. They also cannot claim exemptions as trustees of the Lake View Trust because the trust is not an individual. Accordingly, the Court will deny the exemptions for both the Jeep and the Truck.

### 2. Kyle Cuttings' Claim of Ownership of the Jetta

Next, the Court will turn to Kyle Cutting's claim of ownership, which will be construed as a claim of exemption by a third party pursuant to Idaho Code §§ 8-527 and 11-203. Although the Plaintiffs have not yet responded to this claim, the Court finds that further briefing is not needed because there is sufficient evidence in the record to rule on the exemption at this time.

A third party may assert a claim of ownership of attached property by filing "a written claim setting forth the grounds upon which he claims the property." I.C. § 11-203. Here, the property at issue is a vehicle. Under Idaho law, a party has "no cognizable ownership interest in a vehicle where no certificate of title [has] yet been issued in that party's name." *In re Woods*, 386 B.R. 758, 762 (Bankr. D. Idaho 2008); I.C. § 49-503.[2] It is the issuance of a new certificate of title, not delivery of the old certificate to a transferee, that grants an enforceable interest in a vehicle. *In re Woods*, 386 B.R. at 762.

---

[2] Idaho Code § 49–503 was formerly codified as Idaho Code § 49–404. The language of the two sections is substantially the same, and Idaho courts construing Idaho Code § 49–503 rely on Idaho Code § 49–404 authority. *See, e.g., Northland Ins. Co. v. Boise's Best Autos & Repairs,* 132 Idaho 228, 233 (1997), *rev'd in part on other grounds,* 131 Idaho 432 (1998). Idaho courts interpreting Idaho's motor vehicles statutes have consistently stated that a person acquires no right or interest in a vehicle until a certificate of title is issued to him or her. *See Lopez v. Langer,* 114 Idaho 873, 877 (1988); *Simplot v. Owens,* 119 Idaho 271, 274 (1990); *Northland Ins.,* 132 Idaho at 232–233; *Latham Motors, Inc. v. Phillips,* 123 Idaho 689, 693–694 (1992); *Slayton v. Zapp,* 108 Idaho 244, 246 (1985).

Here, Kyle's declaration explains that he finished paying for the Jetta in December 2020 and the title was signed over to him at that time. As of the date of his declaration, the State of Idaho had not yet issued a certificate of title for the Jetta in Kyle's name. Therefore, pursuant to Idaho law, Kyle has not yet acquired an ownership interest in the Jetta and the Lake View Trust remains the owner of the vehicle. Accordingly, Kyle's third-party claim of exemption for the Jetta is denied and the Jetta is still subject to attachment by the Plaintiffs in this action.

### C. Plaintiffs' 28 U.S.C. § 1927 Request

Plaintiffs request that the Court impose sanctions against Defendants. Specifically, they seek an award of attorney fees which they incurred in responding to the Motion to Set Aside Writs of Attachment. They contend that such an award is justified because the Defendants have acted recklessly and in bad faith in filing multiple motions without offering legal authority and making false accusations against Plaintiffs.

28 U.S.C. § 1927 permits a district court to impose costs, expenses and attorneys' fees reasonably incurred as a result of an attorney's conduct that "multiplies the proceedings in any case unreasonably and vexatiously." To impose sanctions under § 1927, the court must find that counsel acted recklessly or in bad faith. *See United States v. Blodgett*, 709 F.2d 608, 610 (9th Cir. 1983). "Bad faith

is present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." *West Coast Theater Corp. v. City of Portland*, 897 F.2d 1519, 1528 (9th Cir. 1990). Imposing sanctions, whether under § 1927 or under the court's inherent powers, is an "extraordinary remedy" that must be exercised with extreme caution. *See In re Keegan Mgmt. Co., Securities Litigation*, 78 F.3d 431, 437 (9th Cir. 1996).

Here, Defendants' conduct does not rise to the level of recklessness or bad faith. Although Defendants have filed three motions seeking relief from the writ of attachment issued in this case, it appears that these motions were filed in response to developments in the ongoing litigation Defendants face and changes in their financial circumstances. The Court has no reason to conclude that Defendants and their counsel have acted without a sincere belief they are entitled to the requested relief. The Court is troubled by the Defendants' failure to provide legal authority or analysis in support of their motions. However, it is unwilling to award fees to Plaintiffs or impose other sanctions at this time.

## ORDER

**IT IS ORDERED that:**

1. Defendants' Motion to Set Aside Writs of Attachment (Dkt. 69) is **DENIED.**

2. Defendant Shawn Cutting's Claim of Exemption (Dkt. 67) is **DENIED**.

3. Defendant Janine Cutting's Claim of Exemption (Dkt. 68) is **DENIED**.

4. Plaintiffs' Motion Contesting Claims of Exemption by Shawn Cutting and Janine Cutting (Dkt. 72) is **GRANTED**.

5. Defendant's Motion for Expedited Omnibus Hearing (Dkt. 70) and Second Motion for Expedited Omnibus Hearing (Dkt. 78) are **DENIED.**

6. Plaintiff's request for sanctions under 28 U.S.C. § 1927 is **DENIED.**

7. Third Party Kyle Cutting's Claim of Exemption (Dkt. 85) is **DENIED.**

DATED: July 13, 2021

_____
B. Lynn Winmill
U.S. District Court Judge