UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DAVID POWELL, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CRYPTO TRADERS MANAGEMENT, LLC, et al.,<br><br>Defendants. | Case No. 2:20-cv-00352-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court is Plaintiff's Motion to Compel Discovery. (Dkt. 80). Having reviewed the record and briefs, the Court finds that the decisional process would not be significantly aided by oral argument, therefore, the Court will decide the motion based on the parties' briefing. For the reasons outlined below, the Court will grant Plaintiff's motion to compel discovery.

# BACKGROUND

Plaintiffs served Defendants with their first set of interrogatories and requests for production on September 18, 2020. Plaintiff's Requests included definitions for 22 different terms relevant to this action. Defendants served

**MEMORANDUM DECISION AND ORDER - 1**

responses on November 3, 2020. Plaintiffs assert that many of Defendant's responses: (1) were boilerplate objections; (2) ignored the call of the question; (3) asserted an inability to define common and industry specific terms as a basis for not providing substantive responses; and (4) consisted of refutable claims that the requestion information and documentation did not exist.

Plaintiffs complied with the meet and confer requirement by sending a letter to Defendants on November 15, 2020 detailing the deficiencies in Defendant's Responses. The letter also agreed to narrow the scope of certain discovery requests and provided definitions Defendants claimed were lacking in the Requests. The parties discussed the Requests and Responses by phone on November 20, 2020 and agreed to allow Defendants until December 15, 2020 to supplement their responses. Defendants sent Plaintiffs a two-page letter on December 15, 2020 that provided additional information.

Plaintiffs contend that Defendants' Responses were still incomplete and contacted the law clerk assigned to the case to conduct an informal mediation with the parties on March 17, 2021. During the mediation, Defense counsel indicated that Defendants would supplement their discovery responses. Although Defendants served supplemental responses on March 31, 2021, Plaintiffs filed this motion to compel asserting that Defendants still have not fully responded to Plaintiffs'

MEMORANDUM DECISION AND ORDER - 2

discovery request.

## LEGAL STANDARD

Federal Rule of Civil Procedure 26(b)(1), permits discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Relevant information "need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). Relevancy should be "construed 'liberally and with common sense' and discovery should be allowed unless the information sought has no conceivable bearing on the case." *Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal. 1995) (quoting *Miller v. Pancucci*, 141 F.R.D. 292, 296 (C.D. Cal. 1992)).

A party may move for an order compelling discovery pursuant to Federal Rule of Civil Procedure 37(a)(1) & (3)(B) when an opposing party fails to respond or adequately respond to requests for production or interrogatories permissible under Federal Rules of Civil Procedure 33 and 34. However, such motion may not be made unless the movant has in good faith conferred, or attempted to confer, with the party allegedly failing to answer, disclose or respond. Id. at 37(a)(1); Idaho Local Civ. R. 37.1.

While the moving party must make a threshold showing of relevance, see, e.g., *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 352(1978), the party

**MEMORANDUM DECISION AND ORDER - 3**

resisting discovery carries the "heavy burden" of showing specifically why discovery should be denied. See *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).

If the motion is granted, the Court must, after opportunity for hearing, order the party whose conduct resulted in the motion, or attorney advising the conduct, or both, to pay the reasonable attorney's fees of the movant. Fed. R. Civ. P. 37(a)(5)(A). However, the Court must not make such order for fees if the moving party filed the motion before making a good faith effort to obtain disclosure without court intervention, the nondisclosure was substantially justified, or, other circumstances would make the award of fees unjust. *Id.* at 37(a)(5)(A)(i-ii). If the motion is denied, the court may issue a protective order, and must, after providing an opportunity for hearing, order the moving party, or attorney, or both, to pay the opposing party reasonable expenses including in opposing the motion. Id. at 37(a)(5)(B). The Court must not order such payment if the motion to compel was substantially justified, or other circumstances make the award of fees unjust. *Id*.

## ANALYSIS

### A. Requests for Interrogatories

#### 1. Interrogatory No. 5, 6 & 9

Interrogatory No. 5 asked "Defendants to identify the Financial Accounts and digital asset wallets that were ever owned, possessed, controlled, or used by

**MEMORANDUM DECISION AND ORDER - 4**

Defendants for purposes relating to the Crypto Fund." Dkt. 80-1 at 5. Defendants assert they have adequately responded to this interrogatory by producing information pertaining to all of CTM's accounts. As an initial matter, this interrogatory applies to both CTM and Cutting, and neither party asserts that the requested information has been provided for Cutting's accounts. Additionally, Plaintiffs have identified several additional accounts that are relevant to this request. SEC filings and records from the data dump produced in this case establish that funds were transferred from the CTM accounts to personal and business accounts. Thus, because these additional accounts held investor funds or received transferred funds from the CTM accounts, Plaintiffs are also entitled to records of these additional accounts.

Interrogatory No. 6 seeks information relative to the assets held in the Crypto Fund on "Transaction Dates" that correspond with the dates of Earnings Updates. While Defendants provided some information related to CTM's accounts, it does not appear that all assets held by the Crypto Fund have been disclosed at this time. Plaintiffs have provided documentation containing references to information relevant to Interrogatory No. 6 that has not been disclosed to Plaintiffs.

Interrogatory No. 9 seeks information regarding any person compensated for referring, identifying or soliciting investors. Despite Defendants assertion that no

MEMORANDUM DECISION AND ORDER - 5

referral commissions were paid by CTM, Plaintiffs have produced emails discussing referral fees and documents showing that money was transferred out of CTM accounts to pay "referral commissions" on multiple occasions.

Plaintiffs have established that Defendant's responses to these interrogatories are incomplete. Accordingly, Defendants objections are overruled and Plaintiffs' motion to compel is granted as to Interrogatory 5, 6, and 9.

Defendants are directed to conduct an additional review of all available records for any and all information responsive to Interrogatory Nos. 5, 6, and 9. Defendants must file with the Court a certification that the review has been conducted and that any and all identifiable information related to these interrogatories has been disclosed to Plaintiffs.

### 2. Interrogatory No. 10

Interrogatory No. 10 seeks information about assets distributed from the Crypto Fund to Cutting and Lata. Plaintiffs have provided clear definitions to clarify the words "asset" and "distribution" used in this discovery request, relying on the common, dictionary definitions of these terms. Defendants' denials that any such distributions were made are at odds with the SEC filings that show Cutting used money withdrawn from CTM bank accounts to pay personal expenses. Thus, it appears that Defendants failed to apply the definitions Plaintiffs provided in their

meet and confer letter to clarify this request. Therefore, the Court will overrule Defendants objections and grant Plaintiffs motion to compel as to this interrogatory.

Defendants are directed to review all available records for information responsive to Interrogatory No. 10 based on the ordinary, dictionary definitions provided by Plaintiffs, including, but not limited to all information relating to any assets that were distributed, given out, shared, withdrawn, or transferred from CTM to Cutting and Lata during the specified time period[1].

### B.   Requests for Production

#### 1.   Requests for Production 2, 3, and 4

Production Requests 2, 3, and 4 seek communications between Defendants and investors, communications to which specific email accounts associated with CTM were parties, and communications to which two or more CTM accounts were parties, respectively. Defendants initially objected to these requests as vague, overbroad, and unduly burdensome. In response, Plaintiffs provided specific search terms to Defendants to narrow the scope of these requests. In their briefing, Defendants assert both that they have provided all of the information within the

---

[11] Here, the Court relies on the dictionary definition of both "distribution" and "distributed" to provide synonyms in an effort to further clarify this discovery request.

**MEMORANDUM DECISION AND ORDER - 7**

search parameters and that the information is not subject to disclosure because it is irrelevant and confidential.

As an initial matter, Plaintiffs have established that the communications requested are relevant or could lead to information that is relevant. Plaintiffs claim that Defendants sold unregistered securities, violated the Idaho Consumer Protection Act, and claim punitive damages. In addition, the requested information is also relevant because Defendants cite to communications with other investors to dispute Plaintiffs' claims that he induced investments through false promises and to explain requests from other investors to withdraw funds. These requests are also calculated to ascertain what actions defendants did or did not take to ensure that offerings were made in accordance with the private-offering exemption.

Defendants also assert they have already produced all documents that are responsive to these requests and any additional discovery Plaintiffs seek is confidential because it pertains to individuals other than Plaintiffs. However, the assertion that discovery should be denied because it is confidential, without more, is not adequate. *See Olmos v. Ryan*, CV-17-3665-PHX-GMS (JFM), 2020 WL 1904631, at *13 (D. Ariz. Apr. 17, 2020). Defendants must show specifically why each request must be denied. *See id.*

Here, Defendants have not explained specifically why the communications

**MEMORANDUM DECISION AND ORDER - 8**

are confidential, nor have they cited to any rule or caselaw that supports their assertion that the requested communications are exempt from disclosure here. Moreover, the parties have entered a stipulated protective order that would protect the confidentiality of these communications.

Defendants' objections are overruled. Accordingly, the Court will grant the motion to compel production of documents responsive to Production Requests 2, 3, and 4.

### 2. Requests for Production 5 and 6

Production Requests 5 and 6 seek information and documentation related to the assets Defendants held at the time they provided investors with Earnings Updates. Defendants initially objected to these requests because they were "vague, overbroad and unduly burdensome, and not likely to lead to discoverable evidence" but have not provided a sufficient basis for these objections. Dkt. 80-2, Ex. A, p. 13-14.

The Court will first address the relevance of the discovery sought. Although Defendants argue that Plaintiffs refused to accept the transfer of ProCoin currency purchased by Defendants with a portion of Plaintiffs' investments, it is not clear why this would preclude discovery. Defendants concede that 20% of the funds provided by Plaintiffs were not invested in ProCoin. Here, Plaintiffs' claim that

MEMORANDUM DECISION AND ORDER - 9

Defendants defrauded them by misrepresenting their investment growth or stealing their money. Therefore, all records related to earnings calculations for those investments and the assets held by CTM when Earnings Updates were provided to investors are relevant. Additionally, this discovery is relevant to Defendants' assertion that they made unintentional errors in recording investments which lead to errors in calculating earnings on those investments.

Next, the Court will address Defendants' argument that multiple terms within Request No. 5 are not defined. Parties should exercise reason and common-sense and consider ordinary definitions of terms when construing discovery requests. *Owens v. Degasio*, 16-cv-2750 JAM KJN P, 2020 WL 128517, at *3 (E.D. Cal. Jan. 10, 2020). Defendants have neither explained why they cannot rely on the ordinary or industry-specific definitions of the contested terms, nor why the definitions of the defined terms are insufficient.

As to the burden caused by Requests 5 and 6, Defendants have not quantified the burden they would face in producing the documents requested. They merely asserted that the request was unduly burdensome. Plaintiffs have limited the scope to specific defined dates and connected the discovery as requested to the claims and defenses asserted. Therefore, based on the record before the Court, the Requests are proportional to the needs of this case.

**MEMORANDUM DECISION AND ORDER - 10**

For these reasons, the Court will overrule Defendants objections and grant Plaintiffs motion to compel as the Requests 5 and 6.

### 3. Request for Production 17

Production Request No. 17 seeks communications relative to whether Crypto Fund investors or potential investors were accredited. Defendants assert that the requested information is privileged and referenced their response to Interrogatory Nos. 11–13. Federal Rule of Civil Procedure 26(b)(5)(A) requires a party claiming privilege to describe the nature of the documents, communication or tangible things not produced or disclosed in a manner that will allow the other party to assess the claim. Defendants have not provided a privilege log so that Plaintiffs may assess their claim of privilege. Accordingly, Defendants are ordered to either produce the responsive documents or provide a privilege log in compliance with Rule 26.

### 4. Request for Production 18

Production Request No. 18 seeks communications between Defendants and trading platforms relating to transaction volume limits. This information is relevant to Defendant's assertion that they were unable to pay out withdrawal requests due to limitations set by the trading exchanges holding investors' funds. After Defendants objected that certain terms in this request were not defined, Plaintiffs

MEMORANDUM DECISION AND ORDER - 11

provided definitions in the meet and confer letter.

Defendants' assert that this request is also vague, overbroad, and unduly burdensome. Here, as explained above, Defendants have neither quantified the burden resulting from this request, nor explained why the definitions provided are insufficient. Thus, they have failed to establish that this discovery should be denied due to vagueness or undue burden.

As to Defendants' assertion that the request is overbroad because it fails to set forth a time frame, the Court agrees that the initial request was overbroad. However, it is not clear from the record whether Plaintiffs have since provided a time frame to narrow the scope of this request. Because Plaintiffs have made significant efforts to meet and confer and narrow the scope of the requests at issue here, the Court will allow Plaintiffs to define the time frame for this request. Therefore, to the extent they have not already done so, Plaintiffs are ordered to define the relevant time frame for Request No. 18 within 14 days of entry of this Order and file notice that they have complied with this Order. Defendants shall have 30 days after receiving Plaintiffs' notice to produce all relevant documents within 30 days of Plaintiff's notice.

A. **Request for Attorney Fees**

Pursuant to Federal Rule of Civil Procedure 37(a)(5)(A), Plaintiffs are

entitled to payment of expenses incurred in making this motion unless (1) they filed the motion before making a good faith effort to obtain disclosure without court intervention, (2) the nondisclosure was substantially justified, or, (3) other circumstances would make the award of fees unjust. *Id.* at 37(a)(5)(A)(i-ii). The Court finds that Plaintiffs made a good faith effort to obtain disclosure without court intervention. Therefore, Plaintiffs may file a motion setting forth the expenses incurred and whether payment of fees is justified in this matter.

## ORDER

**IT IS ORDERED that:**

1. Plaintiff's Motion to Compel Discovery (Dkt. 80) is **GRANTED** as described above. Within 30 days of the date of this Order, Defendants must (1) produce the identified discovery or (2) file a declaration certifying that they have reviewed all available records and the information cannot be located. Counsel for the Defendants are cautioned that a failure to make a good faith review of all available records may result in the imposition of further sanctions.

DATED: November 4, 2021

_____
B. Lynn Winmill
U.S. District Court Judge