UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DAVID POWELL, et al., | Case No. 2:20-cv-00352-BLW |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| CRYPTO TRADERS MANAGEMENT, LLC, et al., | |
| Defendant. | |

## INTRODUCTION

The Court has before it Plaintiffs' Motion for Award of Attorney's Fees (Dkt. 97). Having reviewed the parties' briefs and the record in this matter, the Court concludes that oral argument is not necessary. Accordingly, for the reasons explained below the Court will grant the Plaintiff's motion and award Plaintiff attorney's fees in the amount of $10,118.50 for time spent obtaining Defendants' responses to the disputed discovery requests.

**MEMORANDUM DECISION AND ORDER - 1**

## BACKGROUND

The background of this case is well known to the parties and the Court, has been set forth in previous orders, and is incorporated by reference here.

## LEGAL STANDARD

### A.     Attorney Fee Awards under Federal Rule of Civil Procedure 37

When a motion to compel has been granted, "the court must, after giving an opportunity to be heard, require the party whose conduct necessitated the motion, his attorney, or both to "pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. The award is mandatory unless the Court finds that (1) the movant filed the motion before making a good faith effort to obtain disclosure without court intervention, (2) the nondisclosure was substantially justified, or, (3) other circumstances would make the award of fees unjust. *Id.* Fed. R. Civ. P. 37(a)(5)(A)(i-ii). The party being sanctioned bears the burden of establishing substantial justification or special circumstances. *Hyde & Drath v. Baker*, 24 F.3d 1162, 1171 (9th Cir. 1994).

### B.     Calculation of Attorney's Fees

In the Ninth Circuit, the proper method for determining reasonable attorney fees is the two-step "lodestar method." *Haegar v. Goodyear Tire and Rubber Co.*, 813 F.3d 1233, 1249 (9th Cir. 2016). First, the court must evaluate whether the rate charged and the hours expended by the attorneys were reasonable. *Hensley*, 461

U.S. at 433. The hourly rate and the hours expended are then multiplied to establish an initial estimate of the value of the attorney's fees. *Hensley*, 461 U.S. at 433. This lodestar figure is a presumptively reasonable fee. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013).

The party seeking fees has the burden of submitting evidence to establish the claimed rates and hours expended are reasonable. *Blum v. Stenson*, 465 U.S. 886, 897 (1984). The opposing party has the burden of rebuttal and must submit evidence challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party via affidavit. *Gates v. Deukmejian*, 987 F.2d 1392, 1397-1398 (9th Cir. 1992).

## ANALYSIS

Plaintiffs seek an award of $10.118.50 in attorney fees for time spent obtaining a motion to compel discovery in this case. Before turning to the reasonableness of Plaintiffs' fee request, the Court must first address Defendants' argument that the Court should decline to award attorney fees.

### C.    Attorney Fees Under Federal Rule of Civil Procedure 37

Plaintiffs assert they are entitled to fees incurred in compelling discovery in this matter pursuant to Federal Rule of Civil Procedure 37(a)(5)(A). Defendants object, arguing that their nondisclosure, response, and objections were

substantially justified because (1) they were attempting to protect personally identifiable information of other investors, (2) some of the documents requested by Plaintiffs did not exist, and (3) all account information had been disclosed.

Defendants' response opposing the award of attorney's fees incorporated the arguments made in opposition to Plaintiffs' motion to compel. After reviewing the briefing on both the motion to compel and the instant motion, the Court is not persuaded that Defendants' discovery responses were substantially justified. First, many of the Defendants' denials that requested documents existed were contradicted by documents separately produced by Defendants. Second, Defendants failed to provide a privilege log or specifically explain why certain documents were exempt from discovery as confidential or privileged. Further, Defendants cite to no authority in support of their argument that their discovery responses were substantially justified. Defendants have not carried the burden to establish fees should not be awarded here; therefore, the Court finds Plaintiffs are entitled to an award of the attorney's fees incurred in obtaining Defendant's discovery responses.

### D.      Reasonableness of the Requested Attorney's Fees

Now that the Court has determined that Plaintiffs are entitled to attorney's fees, the Court must determine what constitutes a reasonable amount. Plaintiffs'

attorney Jaren Wieland provided the Court with an itemized statement detailing her efforts to obtain the disputed discovery, the time spent, and the hourly rate charged. Although Defendants did not make any objections to the reasonableness of the hours spent or the rate charged, the Court is still required to evaluate whether the requested award is reasonable. The Court has reviewed the briefing and the record. For the reasons that follow, the Court finds that the time spent and hourly rates charged by Plaintiffs' attorneys were reasonable.

### 1. Hourly Rate

The Court will begin by evaluating the hourly rate requested by Plaintiffs' attorney. The Court must determine whether the hourly rate charged by an attorney is reasonable. *Hensley*, 461 U.S. at 433. The test for determining a reasonable hourly rate requires the court to compare the requested rate to those of lawyers with reasonably comparable skill, experience, and reputation in the relevant market. *See Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984); *see also Barjon v. Dalton*, 132 F.3d 496, 502 (9th Cir. 1997). In making this determination, the Court should take into consideration the *Kerr* factors. *Kerr*, 526 F.2d at 70; *Chalmers*, 796 F.2d at 1213. It is the responsibility of the attorney seeking an award to submit evidence showing that the hourly rates are reasonable. *Hensley*, 461 U.S. at 433. However, it is not an abuse of discretion for a district court to rely in part on its

own knowledge and experience in determining a reasonable hourly rate. *Ingram*, 647 F.3d at 928.

Plaintiffs' attorney Jaren Wieland, requests fees based on an hourly rate of $245. The requested rate is based on Ms. Wieland's reputation and experience, and is consistent with the ordinary rate charged by her firm for similar legal services. Ms. Wieland also attests that this rate is comparable to rates charged by attorneys with similar experience and reputation in the District of Idaho. This Court is very familiar with the local market rates in the District of Idaho, and finds, based on this knowledge and the evidence submitted by Plaintiffs, that the rate of $245/hour is reasonable.

### 2.  Hours Expended

After a court determines the reasonable hourly rate to be applied, the next step is to determine the hours reasonably expended in bringing the motion. The Ninth Circuit has explained that a party may recover under Rule 37(a)(5) for "expenses resulting from efforts to secure an order compelling discovery." *Liew v. Breen*, 640 F.2d 1046, 1051 (9th Cir. 1981). When determining the number of hours to be used to calculate the lodestar, the Court should exclude hours "that were not reasonably expended." *Hensley*, 461 U.S. at 434. The party seeking fees "should make a reasonable effort to exclude from a fee request hours that are

excessive, redundant, or otherwise unnecessary" and bears the burden of submitting evidence to establish that the hours expended are reasonable. *Id.; Blum v. Stenson*, 465 U.S. 886, 897 (1984).

Here, Ms. Wieland billed 41.3 hours for time spent to obtain Defendants' responses to eleven disputed discovery requests. Plaintiffs ultimately filed a motion to compel, which the Court granted in full. In support of their motion, Plaintiffs had to comb through the 700-pages of discovery already produced to find evidence in support of its claims that additional records existed but had not been disclosed. Plaintiffs also made multiple attempts to informally resolve the matter prior to the filing of the motion to compel in compliance with the Court's case management order. Plaintiff has provided a thorough explanation the time spent, and the Court finds that the hours expended are reasonable.

### 3.  Lodestar Amount

For the reasons described above, the Court grants Plaintiffs' motion for attorney fees. Plaintiff has requested attorney's fees for 41.3 hours of work at a rate of $245/hour. Accordingly, the Court finds that the lodestar amount is $10,118.50.

## ORDER

**IT IS ORDERED that:**

1.      Plaintiff's Motion for Award of Attorney Fees (Dkt. 97) is **GRANTED**.

2.      The Court hereby awards the Plaintiffs attorney fees in the amount of

$10,118.50.

3.      Defendants have 30 days to comply with this order.

DATED: March 4, 2022

B. Lynn Winmill
U.S. District Court Judge