UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DAVID POWELL, an individual; and MERAV KNAFO, an individual, | Case No. 2:20-cv-00352-BLW |
| Plaintiffs, | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| Crypto Traders Management, LLC, a dissolved Idaho limited liability company; Shawn Cutting, individually and as trustee of the Lake View Trust; Courtney Lata, an individual; Janine Cutting, individually and as trustee of the Lake View Trust; Ash Development, LLC, an Idaho limited liability company; Golden Cross Investments, LLC an Idaho limited liability company; and, Crypto Traders Fund, LP, a Delaware limited partnership; and the Lake View Trust, | |
| Defendant. | |

## INTRODUCTION

Before the Court are Defendants' and Plaintiffs' Motion to Reconsider the Court's Memorandum Decision and Order granting Plaintiffs' motion for attorney fees (Dkts. 134, 136). For the reasons explained below, the Court will deny Plaintiffs' motion to reconsider and grant Defendants' motion.

## BACKGROUND

On March 4, 2022, this Court issued a Memorandum Decision and Order (Dkt. 130) (the "Order") granting Plaintiffs' motion to recover fees and expenses incurred obtaining discovery responses from Defendants Shawn Cutting and Crypto Traders Management. In this Order, the Court sua sponte set a 30-day deadline for payment of Plaintiffs David Powell and Merav Knafo's fees. *Order* at 8, Dkt. 130.

Defendants first filed a motion to reconsider the Court's requirement that Defendants make their payment within 30 days on the grounds that the 30-day requirement is manifestly unjust given that Defendants cannot comply because their assets have been levied or other frozen under orders of the Court. Plaintiffs responded by filing their own motion to reconsider the Court's Order, requesting that the Court hold Defendants *and* Defendants' counsel jointly and severally responsible for Plaintiffs' attorney fees pursuant to Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure.

## LEGAL STANDARD

### A.    *Rule 59*

Rule 59(e) authorizes a party to file a motion to alter or amend a judgment within 28 days after the entry of a judgment. Reconsideration of a final judgment under Rule 59(e) is an "extraordinary remedy, to be used sparingly in the interests

of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotation marks omitted). A losing party cannot use a Rule 59(e) motion to relitigate old matters or to raise arguments that could have been raised before the entry of judgment. *Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc*., 5 F.3d 1255, 1263 (9th Cir. 1993). As a result, there are four limited grounds upon which a motion for reconsideration may be granted: (1) the motion is necessary to correct manifest errors of fact or law; (2) the moving party presents newly discovered evidence; (3) reconsideration is necessary to prevent manifest injustice; or (4) there is an intervening change in the law. *Turner v. Burlington N. Santa Fe R.R. Co*., 338 F.3d 1058, 1063 (9th Cir. 2003).

### B.      Rule 60

Rule 60(b) grants the Court the equitable power to relieve parties from orders whenever "such action is appropriate to accomplish justice." *Phelps v. Alameida*, 569 F.3d 1120, 1141 (9th Cir. 2009). Rule 60(b)(6), known as the "catch-all-provision," allows the Court to grant relief from an order for 'any reason [other than those listed in 60(b)(1)–(5)] that justifies relief.'" *Kreb v. Jacksons Food Stores, Inc*., No. 3:16-CV-00444-REP, 2021 WL 6135565, at *3 (D. Idaho Dec. 29, 2021) (citing Fed. R. Civ. P. 60(b)(6).)

This Court has previously observed that "the catch-all provision of Rule 60(b)(6) should be used sparingly as an equitable remedy to prevent manifest

injustice and only where extraordinary circumstances prevented a party from taking timely action or to prevent or correct an erroneous judgment." *Hansen v. U.S. Bank, Nat'l Ass'n*, No. 4:15-CV-00085-BLW, 2016 WL 7105865, at \*2 (D. Idaho Dec. 5, 2016) (quoting *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1103 (9th Cir. 2006)) (quotation marks and ellipses omitted). And it is also clear that "[t]o receive relief under Rule 60(b)(6), a moving party must 'show both injury and that circumstances beyond its control prevented timely action to protect its interests.'" *Id.* (quoting *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993). "Neglect or lack of diligence is not to be remedied through Rule 60(b)(6)." *Lehman v. United States*, 154 F.3d 1010, 1017 (9th Cir. 1998) (citing *United States v. RG & B Contractors, Inc.*, 21 F.3d 952, 956 (9th Cir. 1994)).

## ANALYSIS

### 1. **Plaintiffs' Motion to Reconsider**

Plaintiffs do not challenge the Court's decision to award them attorney fees or even contest the amount of fees award. In fact, the Court awarded Plaintiffs exactly what they requested in their motion for attorney fees. Instead, Plaintiffs ask the Court to now make defense counsel jointly and severally liable for payment of the fee award, arguing that they only learned that Defendants could not remit payment after Defendants filed their motion to reconsider. Plaintiffs maintain that

"Defendants should have raised their inability-to-pay defense in their opposition to the motion for attorneys fees." *Pls' Reply re Mot. to Reconsider*, p. 4, Dkt. 142. This argument has several flaws, however.

First, in their motion to reconsider, Defendants do not argue that they cannot pay – just that they could not pay within the 30-day timeframe because of the asset freeze and writ of attachment. Given the Court did not impose the 30-day requirement until it entered its order, it would have been difficult for Defendants to raise this argument as they did not know this time limit would be imposed.

By contrast, at the time Plaintiffs filed their motion for attorney fees, Plaintiffs knew that Defendants' assets had been frozen and were subject to a writ of attachment and that Defendants had been struggling to meet their living expenses and to fund this litigation; it therefore would have been reasonable for Plaintiffs to anticipate that Defendants may struggle to pay Plaintiffs their attorney fees while Defendants' assets were frozen. Yet, Plaintiffs did not request that defense counsel be held jointly and severally liable for the fee award at the time they filed their motion for fees.

"A party may not use Rule 60(b)(6) to advance an argument or factual support that could have been presented at the time of the original argument, but was not." *Hansen* v2016 WL 7105865, at *5 (citing *Lehman*, 154 F.3d at 1017 ("Neglect or lack of diligence is not to be remedied through Rule 60(b)(6).") and

*Paddington Partners v. Bouchard,* 34 F.3d 1132, 1147 (2d Cir. 1994) ("An argument based on hindsight regarding how the movant would have preferred to have argued its case does not provide grounds for Rule 60(b) relief ... nor does the failure to marshal all known facts in opposition to ... motion[.]" (citations omitted)).

      Nothing precluded Plaintiffs from arguing that defense counsel should be jointly liable when they filed their motion for attorney fees, and their recently learning Defendants could not pay during the 30-day time period imposed by the Court does not constitute the type of "extraordinary circumstances" that would justify granting relief under Rule 60(b); indeed, to the Court's knowledge, a party's inability to pay a fee award is not grounds for making their counsel jointly liable for the fee award. Thus, this new knowledge that Defendants oppose the 30-day payment requirement does not provide new grounds for seeking sanctions against Defendants' attorneys in addition to Defendants themselves. Stated differently, even if Plaintiffs knew that Defendants would oppose the 30-day time-limit requirement, this would not have provided grounds for seeking sanctions against defense counsel, and therefore lacking this knowledge at the time Plaintiffs sought an attorney fee award did not prevent them from arguing that counsel should be jointly liable when the filed their attorney fee motion.

Had Plaintiffs asked the Court to make defense counsel jointly and severally liable for the payment of their attorney fees in their initial motion, the Court would have considered the request and might have imposed sanctions on defense counsel in addition to Defendants. But nothing in the briefing on Plaintiffs' motion for attorney fees would have justified the Court's sua sponte imposition of sanctions on Defendants' attorneys under Federal Rule of Civil Procedure 37(a). Imposing sanctions on an attorney personally for their client's discovery violations is no small matter, and the Court would not have imposed such sanctions on defense counsel in this case without allowing them an opportunity to be heard on the issue. *See, e.g., Hyde & Drath v. Baker*, 24 F.3d 1162, 1172 (9th Cir. 1994), *as amended* (July 25, 1994) ("Holding Hyde & Drath liable for the costs and expenses related to this motion was unjust and an abuse of discretion since the special master and district court did not find Hyde & Drath's pre-January 1991 behavior objectionable."); *c.f. Toth v. Trans World Airlines, Inc*., 862 F.2d 1381, 1387 (9th Cir. 1988) (finding no denial of due process when district court imposed joint and several monetary sanctions on counsel when they had actual notice they would face sanctions for more than two months prior to imposition of sanctions, and they were given an opportunity to explain their actions during hearings on earlier discovery motions and on motion to dismiss).

In short, Plaintiffs have failed to provide sufficient grounds under Rule 60(b)(6) to justify the Court's reconsideration of an Order that provided Plaintiffs all the relief they requested in their initial motion for attorney fees.

## 2. Defendants' Motion to Reconsider

As noted, Defendants ask the Court to reconsider its prior Order awarding Plaintiffs attorney fees in the amount of $10,118.50 only insofar as it imposes a 30-day deadline for Defendants to make the payment. Defendants argue that they cannot comply with the deadline because its assets are frozen and subject to a Writ of Attachment. Defendants are not asking the Court to reconsider the award of attorney fees to Plaintiffs. Rather, Defendants are simply requesting the Court reconsider and reset the timing imposed for making the payment to a more reasonable timeline under their assets are unfrozen. In making this request, Defendants are not presenting new arguments or evidence that could have been raised earlier because the Court imposed the 30-day deadline sua sponte.

As the Court imposed the 30-day deadline for payment of attorney fees sua sponte, the Court finds that additional time for payment is warranted in the interests of justice, and the Court will vacate this portion of its Order. But this does not mean that the Court will simply postpone the deadline for Defendants' payment of the fee award indefinitely. Instead, the Court will allow an additional six months for payment from the date of this Order. In the alternative, Defendants

may file within 10 days from the date of this Order a payment plan setting forth a reasonable time period for satisfying payment of the fee award. Such relief balances the need for equity and finality of judgments.

## ORDER

**IT IS ORDERED that:**

1.    Defendants' Motion for Reconsideration of Court Order on Motion to Compel Awarding Attorney Fees is **GRANTED** insofar as the Order imposed a 30-day deadline for payment of the fee award. Defendants are not relieved of their obligation to pay Plaintiffs attorney fees in the amount of $10,118.50 payable by Defendant Crypto Traders Management, LLC and/or Shawn Cutting. Said amount shall be paid within six months of the date of this Order, and may be paid in monthly payments. In the alternative, Defendants must file within 10 days from the date of this Order an installment payment plan setting forth a reasonable time period for satisfying payment of the fee award.

2.    Plaintiffs' Motion to Reconsider Memorandum Decision and Order Granting Plaintiffs' Motion for Attorney Fees (Dkt. 136) is **DENIED**.

DATED: May 31, 2022

B. Lynn Winmill
U.S. District Court Judge