UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ESTATE OF DAVID POWELL, by and through Ian Powell; and MERAV KNAFO, an individual, <br><br> Plaintiff, <br><br> v. <br><br> CRYPTO TRADERS MANAGEMENT, LLC, a dissolved Idaho limited liability company; SHAWN CUTTING, individually and as trustee of the Lake View Trust; COURTNEY LATA, an individual; JANINE CUTTING, individually and as trustee of the Lake View Trust, ASH DEVELOPMENT, LLC, an Idaho limited liability company; GOLDEN CROSS INVESTMENTS, LLC, an Idaho limited liability company; CRYPTO TRADERS FUND, LP, a Delaware limited partnership; and, the LAKE VIEW TRUST, <br><br> Defendants. | Case No.  2:20-cv-00352-BLW <br><br> **MEMORANDUM DECISION AND ORDER** |

**INTRODUCTION**

Before the Court are two motions to dismiss filed by Defendants Courtney Lata and

Ash Development, LLC and *pro se* Defendants Shawn and Janine Cutting, as well as an ex

parte motion to discharge writ of attachment filed by Shawn and Janine Cutting. *See* Dkt.

208, 209, 210, 211. Defendants Lata, Ash Development, and Shawn and Janine Cutting

seek dismissal of this action against them with prejudice based on Plaintiffs' failure to

MEMORANDUM DECISION AND ORDER - 1

appear with new counsel following their counsel's withdrawal. In addition, the Cuttings ask the Court to vacate the summary judgment and default judgment previously entered against them and to dismiss all claims—including those already decided—with prejudice in their favor.[1]

For the reasons set forth below, the Court will grant Lata and Ash Development's motion to dismiss and grant in part the Cuttings' motion to dismiss to the extent it seeks dismissal of any unadjudicated claims against them. Because Shawn and Janine Cutting have filed a petition for bankruptcy, triggering an automatic stay pursuant to 11 U.S.C. § 362(a), the Court declines to consider their request to vacate the grant of summary judgment against them or their ex parte motion to discharge the writ of attachment. These motions will be deemed withdrawn.

## BACKGROUND

The Court set forth the factual and procedural background of this case at length in its Memorandum Decision and Order entered March 28, 2024. A brief summary suffices here. Shawn Cutting ran a cryptocurrency Ponzi scheme through his company, Crypto Traders Management, LLC ("CTM"). He systematically misappropriated investor funds while sending falsified account statements showing fabricated returns. Plaintiffs David Powell[2] and Merav Knafo invested a combined total of approximately $611,654.94 in Cutting's fraudulent cryptocurrency fund and lost substantially all of their investments.

---

[1] Although the Cuttings' motion is captioned as seeking dismissal of the "entire action against all defendants," Shawn and Janine Cutting lack standing to seek dismissal on behalf of other defendants. The Court therefore construes the motion as seeking relief only as to the Cuttings themselves.

[2] Plaintiff David Powell passed away on July 20, 2023. On February 1, 2024, the Court granted the motion to substitute The Estate of David Powell, by and through Ian Powell, personal representative, as a plaintiff in place of

MEMORANDUM DECISION AND ORDER - 2

On March 28, 2024, the Court issued a decision resolving the bulk of this case. The Court granted summary judgment against Shawn Cutting and default judgment against CTM on Plaintiffs' claims for violations of federal and state securities law, violation of the Idaho Consumer Protection Act, fraud, and breach of contract. The Court awarded punitive damages against Cutting and CTM for Plaintiffs' ICPA and fraud claims. On Plaintiffs' fraudulent transfer claim, the Court granted summary judgment in part against Janine Cutting for disgorgement in the amount of $34,012.09, denied summary judgment against Lake View Trust, and entered default judgment against Golden Cross equal to Plaintiffs' other claims up to $1,112,789.02. The Court denied summary judgment against Lata and dismissed the ICPA claim against her for lack of a contractual relationship.

At the Court's request, Plaintiffs timely filed their damages calculation on April 11, 2024. *See* Dkt. 201. Plaintiffs calculated their actual damages against Cutting and CTM, including prejudgment interest through April 11, 2024, as $666,450.74 for David Powell and $144,052.34 for Merav Knafo. In addition, Plaintiffs sought punitive damages against Cutting in the amount of $250,966.50 for Powell and $54,860.94 for Knafo.

On April 16, 2024, shortly after Plaintiffs filed their damages calculation and before the Court could enter partial judgment under Rule 54(b) against the Cuttings, CTM, and Golden Cross, Shawn and Janine Cutting filed a Chapter 7 bankruptcy petition. That case was eventually dismissed for failure to pay the filing fee and submit

---

David Powell pursuant to Fed. R. Civ. P. 25(a). For clarity, the Court continues to refer to the plaintiff as David Powell.

**MEMORANDUM DECISION AND ORDER - 3**

the required information. On March 13, 2025, the Cuttings refiled for Chapter 7 bankruptcy. That case remains pending – although the Trustee recently filed an adversary proceeding against the Cuttings objecting to discharge under the bankruptcy code.

Meanwhile, on March 24, 2024, in a related case filed by the U.S. Securities and Exchange Commission against the Cuttings, CTM, and their various entities, final judgment was entered against Shawn Cutting for a civil penalty in the amount of $6,899,969; against Defendant Janine Cutting for disgorgement in the amount of $57,916, together with prejudgment interest in the amount of $1,404; and against the other entities, including Golden Cross Investments and the Lake View Trust, for disgorgement. *See SEC v. Crypto Traders Management, et al.*, 21-cv-00103-BLW. Because no partial judgment was entered under Rule 54(b) against any defendant in this case, the Court's March 2024 summary judgment decision remained interlocutory, with claims against Lata, Ash, and Lake View Trust still pending for trial.

Nearly two years passed, and on December 17, 2025, the parties filed a joint status report, which advised the Court of the pending bankruptcy filing and Plaintiffs' counsel's intent to move to withdraw. *See* Dkt. 203. On January 12, 2026, Plaintiffs' counsel filed their motion to withdraw without objection from defendants, which the Court granted the following day. *See* Dkt. 206. In that order, the Court advised Plaintiffs that they had twenty-one days from the date of filing of the proof of service to file written notice with the Court stating how and by whom they would be represented, and that failure to do so would result in dismissal with prejudice without further notice pursuant to Dist. Idaho Loc. Civ. R. 83.6(c)(2). *Id.* ¶ 3. Plaintiffs' counsel filed proof of service that same day.

MEMORANDUM DECISION AND ORDER - 4

Dkt. 207. The twenty-one-day deadline expired on February 3, 2026, but Plaintiffs never appeared with new counsel or otherwise made contact with the Court.

The next day, on February 4, after Plaintiffs failed to appear within the 21-day deadline, Defendants Lata and Ash moved to dismiss the claims against them with prejudice based on Plaintiffs' failure to appear with new counsel. *See* Dkt. 208. A few days later, on February 9, Defendants Shawn and Janine Cutting followed suit, filing their own motion to dismiss with prejudice. *See* Dkt. 211. In addition to seeking dismissal based on Plaintiffs' failure to appear, the Cuttings' motion asks the Court to "vacate the default judgment previously entered against them" and dismiss all claims with prejudice in their favor.[3] Shawn Cutting also filed an Ex Parte Motion to Discharge Writ of Attachment (Dkt. 209), seeking to dissolve the prejudgment writ of attachment previously entered in this case.

## ANALYSIS

### A.  Effect of the Automatic Stay

Before addressing the pending motions, the Court must determine whether the Cuttings' pending bankruptcy petition requires the Court to stay this case. The filing of a bankruptcy petition triggers an automatic stay, which generally prohibits the "commencement or continuation" of judicial proceedings against the debtor. 11 U.S.C. § 362(a)(1). The stay "provides debtors with protection against hungry creditors" and

---

[3]The Cuttings appear to confuse the summary judgment entered in the Court's March 28, 2024 decision with a "default judgment." The Court expressly declined to enter default judgment against the Cuttings and instead resolved the motion for summary judgment on the merits. *See* Dkt. 200, at 22 ("[T]he Court will not enter default judgment against the Cuttings and instead will decide the summary judgment on the merits."). The Court will therefore construe the request as a motion to vacate under Federal Rule of Civil Procedure 60(b).

"assures creditors that the debtor's other creditors are not racing to various courthouses to pursue independent remedies to drain the debtor's assets." *Dean v. Trans World Airlines, Inc.*, 72 F.3d 754, 755–56 (9th Cir. 1995). It also provides the debtor with some "breathing space" so that the debtor can focus on reorganization rather than the defense of pending litigation. *Hillis Motors*, 997 F.2d at 585. Because of its importance, actions taken in violation of the automatic stay are void. *Schwartz v. United States* (*In re Schwartz*), 954 F.2d 569, 571 (9th Cir. 1992).

Here, the Court finds it would be inconsistent with the purpose of 11 U.S.C. § 362(a) to rule on the Cuttings' motion to dismiss to the extent it requests the Court to vacate the order granting summary judgment against them and dismiss those claims with prejudice. The automatic stay generally prohibits *any* continuation of a pre-petition judicial action against debtors, even if the debtors themselves continue the case by filing a notice of appeal, or in this case, a motion to vacate an order or judgment. *F.T.C. v. Com. Planet, Inc.*, 815 F.3d 593, 597 (9th Cir. 2016) (citing *Parker v. Bain*, 68 F.3d 1131, 1135–36 (9th Cir. 1995)). The Cuttings' request to vacate judgment is analogous to a debtor's appeal of an adverse judgment, in that it is a "continuation" of this judicial action against them. *See Parker*, 68 F.3d at 1135 (holding automatic stay applied to debtor's appeal of order granting summary judgment against him because the appeal was a "continuation" of the judicial action against him). Therefore, unless the Cuttings obtain

MEMORANDUM DECISION AND ORDER - 6

leave from the bankruptcy court, their request to vacate the grant of summary judgment against them "is a nullity" in the Court's eyes. [4] *Parker*, 68 F.3d at 1138.

Likewise, the stay prohibits the Court from considering the Cuttings' ex parte motion to discharge the writ of attachment. Consideration of this motion would implicate the underlying issues of this action, and therefore the automatic stay applies. *See Dean v. Trans World Airlines, Inc.*, 72 F.3d 754, 756 (9th Cir. 1995) (holding that "post-[bankruptcy]-filing dismissal in favor of the bankrupt of an action that falls within the purview of the automatic stay violates the stay where the decision to dismiss first requires the court to consider other issues presented by or related to the underlying case"). Because the Court cannot know in advance whether its resolution of the various issues raised by the Cuttings' motion will help or harm them, ruling on the motion at this stage would risk violating the stay. *Id.*

The automatic stay, however, does not prevent the Court from deciding either the Cuttings' motion to dismiss any unadjudicated claims against them, or Lata and Ash Development's motion to dismiss based on Plaintiffs' failure to appear. As the Ninth Circuit has explained, not all proceedings in a single case are "lumped together for

---

[4] Even if the Ninth Circuit were to find a motion to vacate a judgment or order is not analogous to an appeal, the Cuttings' request to vacate judgment would still fail. Construed as a motion to vacate under Federal Rule of Civil Procedure 60(b), which allows a court to relieve a party from a judgment or order for certain justifying reasons, the Cuttings' motion is untimely. A motion made under Rule 60(b) must be made within no more than a year after entry of the judgment or order. Fed. R. Civ. P. 60(c)(1). But the Cuttings did not file their request to vacate until February 2026 – nearly two years after the Court granted summary judgment against them in March 2024. Further, the Cuttings have identified no basis to vacate that order under Rule 60(b)(1). Thus, even if the Court could consider the Cuttings' motion and vacate the grant of summary judgment against them without violating the automatic stay, it would not.

purposes of automatic stay analysis." *Parker*, 68 F.3d 1131, 1137 (9th Cir. 1995) (quoting *Maritime Elec. Co. v. United Jersey Bank*, 959 F.2d 1194, 1204–06 (3d Cir. 1992)). "Within a single case, some actions may be stayed, others not." *Id.* To account for this, multiple-claim and multiple-party litigation "must be disaggregated," so that particular parties and claims are treated independently when determining which of them are subject to the bankruptcy stay. *Id.*

Resolution of the defendants' pending motions to dismiss for failure to appear does not bear on the Cuttings' potential liability or otherwise require the Court to take any action that could detrimentally affect their rights. *See Dean v. Trans World Airlines, Inc.*, 72 F.3d 754, 756 (9th Cir. 1995) (explaining a court may only consider a motion to dismiss a claim against the debtor if "there [is] no conceivable way for the court's consideration of the motion to harm the bankrupt" defendant). Unlike the motion to vacate, consideration of the Cuttings' request to dismiss the unadjudicated claims against them based on Plaintiffs' failure to appear does not require the Court to resolve any contested issue in this case, has no impact on Cuttings' assets, does not alter the relative position of the creditors, and does not intrude on the Cuttings' "breathing space." *Id.* As there is no conceivable way for the Court's consideration of Cuttings' motion to dismiss unadjudicated claims to harm them, the post-filing dismissal of these claims would not violate the automatic stay. *Id.*

As for Lata and Ash Development, the automatic stay does not apply to them at all. *See Ingersoll–Rand Financial Corp. v. Miller Mining Co. Inc.*, 817 F.2d 1424, 1427 (9th Cir.1987) ("In the absence of special circumstances, stays pursuant to section 362(a)

MEMORANDUM DECISION AND ORDER - 8

are limited to debtors and do not include non-bankrupt co-defendants."). The Court may therefore consider their motion to dismiss without risking a violation of the automatic stay.

By contrast, in an abundance of caution, the Court will extend the automatic stay to CTM. Although the stay ordinarily applies only to debtors, the automatic stay may protect non-debtors in "unusual circumstances," such as when the interests of the debtor and nondebtor are inextricably interwoven to the extent that a judgment against one is effectively a judgment against the other. *In re Family Health Services, Inc.*, 105 B.R. 937, 942 (Bankr. C.D. Cal. 1989) (quoting *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986)). CTM was not merely controlled by Cutting—it was the very vehicle through which he ran his Ponzi scheme. The claims against CTM are inextricably intertwined with Cutting's conduct, and Plaintiffs' damages calculation against CTM has not yet been adopted by the Court. The Court will therefore defer consideration of the damages calculation and entry of judgment against CTM until the automatic stay is lifted. *Ryan-Beedy v. Bank of New York Mellon,* No. 2:17-cv-01999 WBS EFB, 2019 WL 1556673, at * 3 (E.D. Cal. Apr. 10, 2019) *(*citing *Dean*, 72 F.3d at 756); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

The same holds true for Golden Cross. The filing of a bankruptcy petition creates an automatic stay against not only the debtor but also the debtor's property and the property of the bankruptcy estate. 11 U.S.C. § 362(a)(3) (prohibiting "any act to obtain

MEMORANDUM DECISION AND ORDER - 9

possession of property of the estate or property from the estate or to exercise control over property of the estate"). Golden Cross is a legal entity operated by and with assets controlled or substantially controlled by Shawn Cutting. *See* Dkt. 146, ¶ 99. And entry of default judgment against Golden Cross was premised on Shawn Cutting's fraudulent transfer of assets to it to hinder, delay, or defraud Cuttings' creditors. *See* Dkt. 200 at 53. Accordingly, the Court will stay the case against Golden Cross.

## B. Motion to Dismiss for Failure to Appear

Both Lata and Ash Development and the Cuttings move to dismiss any unresolved claims against them based on Plaintiffs' failure to appear with new counsel in compliance with the Court's order granting their counsel's motion to withdraw.

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action where a plaintiff fails to prosecute or to comply with court rules or orders. In determining whether dismissal is warranted, courts in the Ninth Circuit consider five factors: (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to defendants, (4) the availability of less drastic alternatives, and (5) the public policy favoring disposition of cases on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). A court must also provide notice that dismissal is imminent. *Oliva v. Sullivan*, 958 F.2d 272, 274 (9th Cir. 1992).

All five factors favor dismissal of all remaining unresolved claims in this litigation. For the first factor, the Ninth Circuit has explained that "the public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Given Plaintiffs' failure to appear through

MEMORANDUM DECISION AND ORDER - 10

new counsel or otherwise, the public's interest favors dismissal here.  Second, Plaintiffs' inaction has burdened the Court's ability to manage its docket. Third, prejudice to all defendants is presumed from the unreasonable delay. *See In re Eisen*, 31 F.3d 1447, 1452–53 (9th Cir. 1994). Fourth, the Court's order granting the motion to withdraw expressly warned Plaintiffs that failure to appear within twenty-one days would result in dismissal with prejudice, satisfying the requirement that less drastic alternatives be considered. *See Oliva*, 958 F.2d at 274. Fifth, while public policy favors disposition on the merits, that policy "lends little support" to a plaintiff who has effectively abandoned the litigation. *Pagtalunan*, 291 F.3d at 643.

Considering the public's interest in expeditious resolution of litigation, the Court's need to manage its docket, the risk of prejudice to defendants, the availability of less drastic alternatives, and the public policy favoring disposition of cases on their merits, the Court finds that dismissal with prejudice of any remaining unresolved claims against Courtney Lata, Ash Development, and the Cuttings is appropriate.

Moreover, although neither Lake View Trust nor CTF has filed its own motion to dismiss, dismissal of the claims against each of them is appropriate. The Court previously denied summary judgment against Lake View Trust on the fraudulent transfer claim, and Plaintiffs' failure to appear with new counsel warrants dismissal of that claim with prejudice under the same analysis set forth above. As for CTF, Plaintiffs have done nothing to pursue their claims against it, and dismissal of those claims against CTF is also appropriate.

**MEMORANDUM DECISION AND ORDER - 11**

This dismissal does not affect the Court's grant of summary judgment against Shawn Cutting and its entry of default judgment against CTM, or the grant of partial summary judgment against Janine Cutting and its entry of default judgment against Golden Cross on the fraudulent transfer claim. Nor does it affect the Court's pre-petition award of punitive damages against Cutting and CTM. The Cuttings' request to vacate the prior summary judgment (Dkt. 211) and Cutting's Ex Parte Motion to Discharge Writ of Attachment (Dkts. 209, 210) will be deemed withdrawn. The Cuttings may re-file these motions once the bankruptcy proceedings are resolved.

## C. Entry of Final Partial Judgment under Federal Rule of Civil Procedure 54(b)

Given that the claims against Lata, Ash Development, Lake View Trust, and CTF have been fully resolved, the Court finds entry of partial final judgment with respect to these non-debtor co-defendants is appropriate pursuant to Federal Rule of Civil Procedure 54(b). Rule 54(b) allows entry of a partial final judgment in actions involving multiple claims and multiple parties "if the court expressly determines that there is no just reason for delay." FED. R. CIV. P. 54(b). Rule 54(b) envisions a two-step analysis. First, the Court must determine whether "it has rendered a 'final judgment,' that is, a judgment that is an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Wood v. GCC Bend, LLC*, 422 F.3d 873, 878 (9th Cir. 2005) (internal quotation marks omitted). "Then it must determine whether there is any just reason for delay." *Id.*

Courts must be careful when entering partial final judgments to protect the "historic federal policy against piecemeal appeals." *Id.* (quoting *Sears, Roebuck & Co. v.*

**MEMORANDUM DECISION AND ORDER - 12**

*Mackey*, 351 U.S. 427, 436 (1956)). Important considerations include whether the resolved claims are "separable from the others remaining to be adjudicated," and whether an appellate court would have to decide the same issue more than once if there are subsequent appeals. *Curtiss-Wright Corp. v. Gen Elec. Co.*, 446 U.S. 1, 8 (1980).

Here, the Rule 54(b) factors weigh in favor of entry of a partial judgment. First, either through dismissal or entry of default judgment, all claims against the non-debtor co-defendants have reached a final disposition. Second, there is no just reason to delay entry of final judgment as to those defendants. Final resolution of this case has been a long time coming. This case was originally filed in 2020 and has remained essentially stagnant for the past two years. While the automatic stay prevents the Court from taking any action against the Cuttings, it does not prevent the Court from entering a final judgment in favor of Lata, Ash Development, Lake View Trust, and CTF, all of which are non-debtor parties unaffected by the stay. Further, there exists very little risk for piecemeal appeals given these claims have been dismissed in these defendants' favor based on Plaintiffs' failure to prosecute. Accordingly, final judgment against these non-debtor defendants will be entered without further delay.

As discussed above, the automatic stay extends to Golden Cross, and the Court will therefore refrain from entering final judgment against it until the stay is lifted. In addition, the case is stayed as to Defendants Shawn Cutting and Janine Cutting and Crypto Traders Management, LLC pending the resolution of the Cuttings' bankruptcy proceedings. The Court will consider adoption of Plaintiffs' damages calculation as to

**MEMORANDUM DECISION AND ORDER - 13**

Shawn Cutting and Crypto Traders Management, LLC (Dkt. 201) once the automatic stay is lifted.

## ORDER

**IT IS HEREBY ORDERED** as follows:

1.     Defendants Courtney Lata and Ash Development, LLC's Motion to Dismiss with Prejudice (Dkt. 208) is **GRANTED**. All claims against Courtney Lata and Ash Development, LLC are **DISMISSED with prejudice**.

2.     Defendants Shawn and Janine Cuttings' Motion to Dismiss (Dkt. 211) is **GRANTED in part** to the extent it seeks dismissal of any claims against Shawn and Janine Cutting that were not decided by the Court's Memorandum Decision and Order of March 28, 2024 (Dkt. 200). Such claims are **DISMISSED with prejudice**. The Cuttings' motion to vacate judgment is deemed **WITHDRAWN**.

3.     Defendants Shawn and Janine Cuttings' Ex Parte Motion to Discharge the Writ of Attachment (Dkts. 209, 210) is deemed **WITHDRAWN.**

4.     All claims against the Lake View Trust and Crypto Traders Fund, LP are **DISMISSED with prejudice** for failure to prosecute.

5.     This case is **STAYED** as to Defendants Shawn Cutting and Janine Cutting, Crypto Traders Management, LLC, and Golden Cross Investments, LLC, pending the resolution of the Cuttings' bankruptcy proceedings or until the stay is lifted.

6.     In a separate document filed concurrently with this Order, final judgment shall be entered pursuant to Federal Rule of Civil Procedure 54(b) as to Defendants Courtney Lata, Ash Development, LLC, Lake View Trust, and Crypto Traders Fund, LP.

7.      Following entry of partial final judgment as to Courtney Lata, Ash Development, LLC, Lake View Trust, and Crypto Traders Fund, LP, the Clerk is directed to *administratively close* the case as to Defendants Shawn Cutting and Janine Cutting, Crypto Traders Management, LLC, and Golden Cross Investments, LLC while the stay remains in effect.

8.      Shawn and Janine Cutting are directed to file a status report regarding the pending Chapter 7 bankruptcy proceedings, Case No. 25-20068-NGH, ***within 30 days of entry of this Order, and every 60 days thereafter, advising the Court as to the status of the bankruptcy proceeding***.

DATED: March 31, 2026

B. Lynn Winmill
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 15**